UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LEA RAE PEREZ,**

    **Plaintiff,**

v.                                                                      **Case No: 5:21-cv-536-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____

**ORDER**

Plaintiff appeals the administrative decision denying her application for a period of disability, and Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is due to be **AFFIRMED.**

**I. BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> Plaintiff filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on October 23, 2019, alleging disability beginning May 5, 2017 (Tr. 71, 227-40). The state agency denied Plaintiff's application initially and upon reconsideration (Tr. 111-16, 126-51). After a hearing, the Administrative Law Judge (ALJ) denied Plaintiff's claim on December 28, 2020 (Tr. 13-50). The Appeals Council denied Plaintiff's request for review (Tr. 1-6). Accordingly, this case is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

(Doc. 22 at 1-2).[1]

Plaintiff was 44 years old on her alleged onset date, and 48 years old on the date of the ALJ's decision. (Tr. 15, 227). Plaintiff has a high school education and past work experience as an appointment clerk, cashier, deli cutter, and data entry clerk. (Tr. 45-46, 264, 271-77). Based on a review of the record, the ALJ found that Plaintiff had the severe impairments of degenerative/discogenic disc disease, diabetes mellitus, essential hypertension, obesity, carpal tunnel syndrome, and dysfunction of major joints. (Tr. 18).

The ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> lift and carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours in an 8-hour workday; stand/walk for 6 hours in an 8-hour workday; frequently climb ramps and stairs; never climb ladders exceeding 6 ft., ropes, or scaffolds; occasionally perform postural activities; occasionally perform right overhead reaching; frequently reach in all other directions; exposed only occasionally to hazards; and frequently perform gross manipulation.

(Tr. 20).

Based upon the RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff was capable of performing her past relevant work as an appointment clerk, cashier, deli cutter, and entry clerk "as actually and generally performed." (Tr. 23). Further, with an additional limitation to occasional manipulation, the ALJ found Plaintiff could make a successful adjustment to other work, such as the jobs of furniture rental clerk, tanning salon

---

[1] For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions.").

attendant, and dealer accounts investigator (Tr. 24). Consequently, the ALJ found that Plaintiff was not disabled from May 5, 2017, through the date of decision. (Tr. 25).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the

Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises multiple issues on appeal: (1) whether the ALJ applied the correct legal standards at step four of the sequential evaluation process; (2) whether the ALJ erred by failing to expressly consider the opinion of Dr. Thomas; and (3) whether the ALJ erred in considering Plaintiff's testimony regarding her pain and limitations.

**A. The ALJ's determination regarding Plaintiff's ability to perform past work.**

Plaintiff first argues that the ALJ erred at step four of the sequential evaluation process by concluding that she was capable of her past relevant work. Plaintiff contends that the record does not contain specific evidence regarding the reaching requirements of her past work as she actually performed the jobs, and that the ALJ failed to ask her about the physical requirements of her past work. (Tr. 21, 34-37). Because the RFC contains limitations to occasional right overhead reaching, Plaintiff contends that the finding that Plaintiff could perform her past relevant work is not based on the proper legal standards or supported by substantial evidence. (Doc. 21 at 11).

In response, Defendant argues that regardless of any inconsistency between the ALJ's findings and the Dictionary of Occupational Titles ("DOT"), remand is not warranted because Plaintiff has not established that she cannot perform her past jobs as she actually performed them. *See Colon ex rel. Colon v. Comm'r of Social Sec.*, 411 F. App'x 236, 239 (11th

Cir. 2011) (affirming ALJ's decision because substantial evidence demonstrated claimant could perform his job as it was actually performed, but not as generally performed). It is a claimant's burden to prove that she cannot perform past relevant work. *See Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986).

The ALJ determined that Plaintiff was not disabled because she could return to her past relevant work as an appointment clerk, cashier, deli cutter, and entry clerk. (Tr. 23). The record included evidence of the requirements of each of Plaintiff's past jobs in a work history report. (Tr. 271-77). Plaintiff reported that the non-exertional requirements of the jobs, including the postural requirements and manipulative requirements, were not existent, were just two hours a day, or were just occasional. (Tr. 271-77). She failed to report any reaching requirements, and Defendant argues that "it is entirely reasonable to infer that the reaching requirements would have been in line with the rest of the requirements of the jobs as she reported them, so either not existing or being no more than occasional." (Doc. 22 at 7). A review of the report reveals that Plaintiff reported "0" for requirements such as "handling," "grasping," and "writing," but left the space for "reaching" blank. (Tr. 271-77). By contrast, Plaintiff did specifically indicate how much time she spent walking, stooping, and sitting (Tr. 274). Given that it is Plaintiff's burden, the Court agrees that Plaintiff's failure to report any reaching requirements constitutes evidence on which the ALJ could rely regarding the requirements of her past jobs as she actually performed them. In other words, in the context of the work history report, Plaintiff's failure to report reaching requirements is substantial evidence of the lack of any such requirements for the jobs listed.

Importantly, it is Plaintiff's burden to prove that she cannot perform her past relevant work, and the Eleventh Circuit has described it as "a very heavy burden." *Moore v. Barnhart*,

405 F.3d 1208, 1211 (11th Cir. 2005) ("These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work."). Plaintiff's argument that the ALJ erred by not further inquiring into the physical requirements of her past work is misplaced. The work history report provides detailed information about the requirements of Plaintiff's past work.

The record contains Plaintiff's testimony regarding her past work, her own report regarding the requirements of the jobs, and the testimony of the vocational expert. The Court agrees with Defendant that this record evidence constitutes substantial evidence upon which the ALJ was entitled to rely in finding that Plaintiff was capable of her past work. The ALJ did not err in finding that Plaintiff could perform her past relevant work at step four of the evaluation process.

### B. The ALJ's consideration of the opinion of Dr. Thomas.

Next, Plaintiff argues that the ALJ erred by failing to properly consider a disability parking permit application completed by Dr. Khannia Thomas on March 12, 2020. On the form, Dr. Thomas indicated that Plaintiff had "a permanent disability (ies) that limits or impairs his/her ability to walk 200 feet without stopping to rest." (Tr. 612). Dr. Thomas indicated Plaintiff had a "[s]evere limitation in [her] ability to walk due to an arthritic, neurological, or orthopedic condition." (Tr. 612). Plaintiff argues that the ALJ erred by failing to mention or explain how the factors of supportability and consistency were considered when evaluating Dr. Thomas's opinion as contained on that disability parking permit application.

As a preliminary matter, Plaintiff acknowledges that her claim is subject to a new regulatory framework for evaluating medical opinions. For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the

evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions."). In this case, Plaintiff filed her applications in 2019, thus the new rules apply to her claim.

The new regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. *See* 20 C.F.R. § 416.913(a) (2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
>
> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5).

Here, Defendant suggests that the ALJ properly declined to analyze the statements in the disability parking permit because the opinion that Plaintiff was "disabled" did not constitute a medical opinion, but a statement reserved for the Commissioner. 20 C.F.R. §§ 404.150b(c)(3)(i), 416.920b(c)(3). Indeed, a review of the relevant document reveals that it consists of a prepared form provided by the Florida Department of Highway Safety and Motor Vehicles, and Dr. Thomas simply checked boxes provided. (Tr. 612). *See Hammersley v. Astrue*, No. 5:08-cv-245, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("courts have found that check-off forms . . . have limited probative value because they are conclusory and provide

little narrative or insight into the reasons behind the conclusions") (citing, *inter alia, Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)).

Considering the form completed by Dr. Thomas in light of the updated definition of "medical opinion" at 20 C.F.R. § 416.913(a)(2) (2017), it is not entirely clear that the information provided on the form constitutes a medical opinion under the updated regulations. *But see Dees v. Comm'r of Soc. Sec.*, No. 6:19-CV-1903-ORL-MAP, 2020 WL 4530027, at *3 (M.D. Fla. Aug. 6, 2020) (analyzing an opinion contained in a disability parking permit under the prior regulations governing weighing medical opinions).

To the extent that the form concludes that Plaintiff is "disabled," the undersigned agrees that statement is not a medial opinion, but a statement reserved to the Commissioner. 20 C.F.R. §§ 404.150b(c)(3)(i), 416.920b(c)(3). Further, while the regulations define a medical opinion as a statement about "what you can still do despite your impairments(s)," Dr. Thomas's answers on the form indicate that Plaintiff is impaired in the ability to walk 200 feet without stopping to rest. Meanwhile, medical opinions are defined as statements regarding "[y]our ability to perform physical demands of work activities, such as sitting, standing, walking, lifting," etc., but Dr. Thomas's statement is narrow, limited, and offers very little information other than that tailored toward the parking permit application.

In any event, however, even if Dr. Thomas's completion of the parking permit application constitutes a medical opinion under the revised regulations, the ALJ's failure to evaluate the opinion is harmless. Defendant contends that the opinion is vague in that it does not specify how long Plaintiff must rest, fails to state that she cannot walk at all, and fails to state how many hours in an eight-hour workday she can walk. Consequently, Plaintiff argues that the limitations in the application are not necessarily inconsistent with the ALJ's RFC

finding that Plaintiff could stand and walk for a combined total of six hours in an eight-hour workday.

Further, Defendant notes that even if Dr. Thomas's opinion were credited and Plaintiff were not able to perform light work, the opinion fails to show that Plaintiff cannot perform sedentary work. Indeed, two of Plaintiff's past relevant work positions, appointment clerk and entry clerk, are sedentary jobs. As explained above, the ALJ's finding at step four that Plaintiff was capable of performing her past jobs of appointment clerk, cashier, deli cutter, and entry clerk as actually performed was based on substantial evidence. Consequently, even if the Court assumes that Dr. Thomas's opinion as contained on the parking permit application is a medical opinion, the ALJ's failure to expressly consider the opinion is harmless error. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. Appx. 855, 856 (11th Cir. 2013). Plaintiff has not demonstrated that any error on the part of the ALJ in failing to expressly consider the disability parking permit was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (stating, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

**C. The ALJ's consideration of Plaintiff's subjective complaints.**

Finally, Plaintiff argues that the ALJ failed to apply the proper legal standards to Plaintiff's testimony regarding her pain and limitations. Plaintiff contends that the ALJ failed to discuss or weigh any of the relevant factors listed in 20 C.F.R. § 404.1529(c)(3)(i-vii) when evaluating Plaintiff's testimony regarding her pain and limitations.

When a claimant alleges he or she has disabling subjective symptoms, the ALJ must determine whether the claimant has a condition that could reasonably be expected to cause the symptoms. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). If the ALJ determines the claimant

has such a condition, the ALJ will evaluate the alleged symptoms' intensity and persistence and how they limit the claimant's ability to work. *Id*. The ALJ will consider the claimant's testimony regarding his or her symptoms, including any inconsistencies between the testimony and the other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). An ALJ may reject a claimant's testimony of disabling symptoms as not credible if he provides "explicit and adequate reasons." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1561-62.

In this case, the ALJ explicitly discussed Plaintiff's allegations regarding the severity of her symptoms and found her alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21). This finding is indeed supported by substantial evidence, including the objective medical evidence as a whole and evidence of relatively normal examination findings regarding gait, normal strength, no neurological deficits, normal sensation, normal muscle mass, and no swelling or deformity. (Tr. 21, 339, 342, 346, 385, 407, 470, 485, 489). The ALJ's finding is further supported by the consultative examination showing full strength in most of Plaintiff's upper extremities, no muscle atrophy, full range of motion, and no tenderness or swelling. (Tr. 22, 610).

Other record evidence supporting the ALJ's finding regarding Plaintiff's subjective symptoms is Plaintiff's report that she could use her hands for her daily activities, aside from dressing and buttoning clothes. (Tr. 22, 609). The findings of the state agency medical consultants, Dr. Harris and Dr. Matar, lend further support to the ALJ's determination, as they both concluded Plaintiff was capable of a reduced range of light work. (Tr. 23, 56-58, 66-68, 83-86, 97-100).

As Defendant points out, the ALJ did not simply reject her complaints based on lack of objective medical evidence. To the contrary, the ALJ relied on objective medical evidence that contradicted her allegations by demonstrating that she was not as limited as alleged. And, while the ALJ expressly discussed the relevant evidence and many of the relevant factors from 20 C.F.R. § 404.1529(c)(3)(i-vii), Plaintiff appears to concede that discussing each of the factors is not necessary. *See Parker v. Colvin*, No. 8:12-CV-1919-T-24, 2013 WL 3209443, at *11 (M.D. Fla. June 24, 2013) (observing "there is no reason to require a law judge to discuss each of the § 404.1529(c)(3) factors in his decision.").

The Court agrees that the ALJ had explicit and adequate reasons to reject Plaintiff's testimony regarding her symptoms and limitations. *See Dyer*, 395 F.3d at 1210. The ALJ's decision should be affirmed because substantial evidence supports the ALJ's evaluation of Plaintiff's condition and the determination regarding her subjective complaints. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

### IV. CONCLUSION

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 8, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy